The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST GROCERY ASSOCIATION, an Oregon non-profit organization, the WASHINGTON FOOD INDUSTRY ASSOCIATION, a Washington non-profit corporation,<br><br>           Plaintiffs,<br>v.<br>CITY OF SEATTLE, a charter municipality,<br><br>           Defendant. | No. 2:21-cv-00142-JCC<br><br>DECLARATION OF TAMMIE HETRICK IN SUPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION |

I, Tammie Hetrick, declare and state as follows:

1. I am President and Chief Executive Officer ("CEO") of the Washington Food Industry Association ("WFIA") in this matter. I have represented the retail industry for 21 years, and am competent to make this declaration based on my personal knowledge and information I have learned through my position.

2. WFIA is a non-profit, statewide trade association comprised of independent supermarkets, convenience stores, coffee houses and their suppliers. WFIA's membership represents more than 20,000 stable, reliable jobs and $805 million in wages. Our members generate approximately $373 million in state and local taxes. WFIA advocates for the interests of the independent food retailer by challenging and vocalizing opposition to various state and local ordinances that impact our members' interests

DECLARATION OF TAMMIE HETRICK IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 1
(2:21cv-00142-JCC)

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

3. In my role as CEO, I am constantly in contact with our retailer grocer members that are impacted by Seattle's Hazard Pay for Grocery Employees Ordinance, (the "Ordinance"), which include Grocery Outlet and most of the non-publicly traded and/or independently owned grocers with stores in Seattle. Based on our preliminary analysis, WFIA has approximately 5 members that are impacted by the ordinance, representing 30 stores. Several of our members have collective bargaining agreements with UFCW 21. I personally have had numerous confidential discussions regarding the impact of the Seattle Ordinance with the executive leadership teams of each of the WFIA members specifically referenced above, and have reviewed with them the specific economic and other impacts that the Ordinance will have on their operations.

4. According to the preamble of the Ordinance, the Seattle City Council based their decision to impose mandatory hazard pay on a report by the Brookings Institute, which apparently described some of the "record breaking" profits by the largest retailers in the U.S., including Amazon, Best Buy and Wal-Mart. The report on the collective profits of "top retail companies" was apparently a fact used by the City Council as a justification for the Ordinance. See Ordinance, § K.

5. WFIA's members are _not_ represented in the Brookings Institute report. Our members are smaller, local chains, many of whom have invested very significantly in COVID-19 related health protections since March 2020, including paid sick leave that exceeded state and local requirements. They have paid their workers various versions of gratitude pay in Seattle and beyond when they could accommodate it.

6. The grocery industry on average may have profit margins of 1-2% (on average). This is among the lowest margins of any business – most of the companies that sell food within our members' stores have between 6 and 25% profit margin. WFIA's independent grocers' profits are *even less right now* – many have less than **a 0.5% profit margin**. For many, any increase in demand for groceries during the pandemic has been more than offset by the cost of

DECLARATION OF TAMMIE HETRICK IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 2
(2:21cv-00142-JCC)

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

COVID response, including the safeguards in our stores, rendering many of our members barely profitable, or operating at a loss. Many of our members' customers have migrated to delivery and curbside options provided by other larger grocery providers. A growing contingent of WFIA's members' customers (about 5% of all transactions and growing) use third-party online delivery services to whom they pay a significant percentage of each purchase.

7. This Ordinance disproportionately harms local, independent grocers, and will not serve to promote job retention or "support the welfare of the greater community." On the contrary, the Ordinance will force our members to operate stores in Seattle at a loss, which is not sustainable, and it may cause local independent grocers to close if they cannot find additional ways to either increase revenue, or reduce costs. A financial award will not be an adequate remedy for members who cannot keep their stores open.

8. The City Council also reasons that "grocery businesses are profiting during the pandemic from the labor of employees who are working under dangerous conditions." That is simply not true. Not all grocers are profiting, and the City Council has ignored them. There is no hardship exception in this Ordinance. Because the Ordinance constrains our members from reducing an employees' earning capacity, Members are left with very few options to avoid significant losses and closures. The closure of even one of Seattle's independent grocery stores will not lead to a "fair, healthy and vibrant economy." It will reduce available options to Seattle consumers and will lead to job losses.

9. Finally, by providing government mandated "hazard pay" this ordinance unfairly suggests that our members' workers experience "hazardous conditions" and "dangerous conditions" that present "substantial risks" – implying that grocery stores present higher health and safety risks than other retailers or other essential workers. See Ordinance § HH. It also suggests to our members' customers that their Seattle stores are dangerous further driving customers to delivery and non-traditional grocery sales that many or our members cannot support. I am not aware of any evidence that grocery stores are more hazardous workplaces

DECLARATION OF TAMMIE HETRICK IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 3
(2:21cv-00142-JCC)

sf-4427218

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

relative to other workplaces that have remained open throughout the pandemic. This reckless message will further damage our Members' goodwill and cause reputational harm. Based on what I have learned from our members, the unfounded designation of grocery stores as "hazardous" will drive customers to delivery and non-traditional grocery sales that many of our members cannot support.

10. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed at

SIGNED this 11th day of February, 2021.

*[Signature: Tammie Hetrick]*

DECLARATION OF TAMMIE HETRICK IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 4
(2:21cv-00142-JCC)

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on February 11, 2021, I served a copy of:

**DECLARATION OF TAMMIE HETRICK IN SUPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

**BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

> City of Seattle
> Monica Martinez Simmons, MMC
> City Clerk
> 600 4th Ave., 3rd Floor
> Seattle, Washington 98104
> LAW_Service@seattle.gov

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Chicago, Illinois, this 11th day of February, 2021.

| Kristin M. Marttila | */s/ Kristin M. Marttila* |
|---|---|
| (typed) | (signature) |

DECLARATION OF TAMMIE HETRICK IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 5
(2:21cv-00142-JCC)

sf-4427218

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*