The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| NORTHWEST GROCERY ASSOCIATION, an Oregon non-profit organization, the WASHINGTON FOOD INDUSTRY ASSOCIATION, a Washington non-profit corporation,<br><br>        Plaintiffs,<br>v.<br><br>CITY OF SEATTLE, a charter municipality,<br><br>        Defendant. | No.  2:21-cv-00142-JCC<br><br>PRAECIPE RE: DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION |

Pursuant to Local Civil Rule 7(m), Plaintiffs respectfully request that the Court and City of Seattle consider the additional Declaration of Teresa Robbs attached hereto as Exhibit A ("Declaration") in support of its preliminary injunction motion (Docket # 10.)  The Declaration describes the well-publicized closure of two QFC stores in Seattle following the enactment of the Ordinance at issue in this action.  The Declaration is directly relevant to the Plaintiffs' claim of irreparable harm caused by the Ordinance.  Because the closures did not occur until after the preliminary injunction motion was filed, as detailed in the declaration, Plaintiffs could not submit evidence of this impact at the time the motion was filed.  This evidence does not alter any of

PRAECIPE RE: DECLARATION IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 1
(2:21cv-00142-JCC)

STOEL RIVES LLP
ATTORNEYS
600 UNIVERSITY STREET, SUITE 3600, SEATTLE, WA  98101
TELEPHONE 206.624.0900

1  Plaintiffs' legal arguments.  As soon as Plaintiffs learned of the closures described in the
2  Declaration, Plaintiffs' counsel reached out to counsel the City of Seattle, advising that it
3  intended to submit additional evidence relating to the store closures.  Plaintiffs provided the
4  Declaration to counsel for the City under separate cover in advance of this submission.

5      Good cause exists for the Court to allow Plaintiffs to supplement the evidentiary record in
6  support of its motion.  Courts have broad discretion to rely on evidence submitted by all parties in
7  the preliminary injunction context, and are not bound by the stringent rules that may apply to
8  other motions.  *See Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009) (noting that
9  evidence must not meet heightened standards of admissibility and credibility when submitted in
10 support of preliminary injunction motion).  Evidence should be considered by the court where it
11 would "serve[] the purpose of preventing irreparable harm before trial."  *Flynt Distributing Co. v.*
12 *Harvey*, 734 F.2d 1389, 1394.  (9th Cir. 1984) ("The urgency of obtaining a preliminary
13 injunction necessitates a prompt determination and makes it difficult to obtain affidavits from
14 persons who would be competent to testify at trial."); *see also Univ. of Tex. v. Camenisch*, 451
15 U.S. 390, 395 ("[G]iven the haste that is often necessary if those positions are to be preserved, a
16 preliminary injunction is customarily granted on the basis of procedures that are less formal and
17 evidence that is less complete[.]")

18     For the foregoing reasons, Plaintiffs respectfully request that this evidence be considered
19 by this Court.

PRAECIPE RE: DECLARATION IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 2
(2:21cv-00142-JCC)

**STOEL RIVES** LLP
ATTORNEYS
600 UNIVERSITY STREET, SUITE 3600, SEATTLE, WA  98101
TELEPHONE 206.624.0900

| | | |
|---|---|---|
| 1 | DATED: February 26, 2021 | STOEL RIVES LLP |

/s/ *Adam S. Belzberg*
Adam S. Belzberg, WSBA No. 41022
Vanessa Soriano Power, WSBA No. 30777
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Email:   adam.belzberg@stoel.com
            vanessa.power@stoel.com


/s/ *William F. Tarantino (ECF)*
 William F. Tarantino (Admitted Pro Hac Vice)
 MORRISON & FOERSTER LLP
 425 Market Street
 San Francisco, CA  94105-2482
 Telephone: (415) 268-7000
 Email: wtarantino@mofo.com

 Tritia M. Murata (Admitted Pro Hac Vice)
 MORRISON & FOERSTER LLP
 707 Wilshire Boulevard
 Los Angeles, CA  90017-3543
 Telephone: (213) 892-5200
 Email: tmurata@mofo.com

 Attorneys for Plaintiffs

PRAECIPE RE: DECLARATION IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 3
(2:21cv-00142-JCC)

STOEL RIVES LLP
ATTORNEYS
600 UNIVERSITY STREET, SUITE 3600, SEATTLE, WA  98101
TELEPHONE 206.624.0900

# EXHIBIT A

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST GROCERY ASSOCIATION, an Oregon non-profit organization, the WASHINGTON FOOD INDUSTRY ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE, a charter municipality,<br><br>Defendant. | No. 2:21-cv-00142-JCC<br><br>DECLARATION OF TERESA ROBBS IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION |

I, Teresa Robbs, declare and state as follows:

1. I am Regional CFO at The Kroger Co. In this position, I am responsible for the accounting and financials of Quality Food Centers and Fred Meyers, which are separate divisions within the Kroger business family. I monitor and analyze the financials of these two divisions, providing feedback and guidance. I have access to and knowledge concerning QFC's business records. To the extent necessary to execute this declaration, I have reviewed or familiarized myself with such records or the information contained in them. If called as a witness, I could and would competently testify to the matters set forth herein.

2. QFC is a supermarket chain based in the State of Washington. It operates 15 stores in Seattle. In February 2021, a decision was made to close the following two QFC stores in Seattle: Store 804, located at 416 15th Ave E; and Store 873, located at 8400 35th Ave NE.

DECLARATION OF TERESA ROBBS IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 1
(2:21cv-00142-JCC)

sf-4437123

1 Both stores are scheduled to close permanently on April 24, 2021. Their closures will displace approximately 110 employees.

3. The decision to close Store 804 and Store 873 this year was caused by Seattle's Hazard Pay for Grocery Employees Ordinance. QFC had zero store closures planned in Seattle or anywhere else in 2021. In fact, I understand that company management has been very reluctant to close any stores—even underperforming ones—during the pandemic. But once we were informed that the City Council of Seattle was considering an ordinance singling out and mandating premium pay for grocers, we began a financial review of QFC's Seattle stores at the end of January 2021 to determine their viability.

4. Store 804 was already an underperforming store and has been unprofitable during the pandemic. That said, there were no plans to close this store in 2021 before Seattle's Hazard Pay for Grocery Employees Ordinance passed. Also, Store 804's lease was scheduled to end in September 2023, with options to extend the lease through September 2033. But the ordinance would have significantly exacerbated Store 804's losses.

5. There were also no plans to close Store 873 in 2021. Store 873's lease was scheduled to end in June 2024, with options to extend the lease through June 2034. While Store 873's financial standing was better than Store 804's, the company determined that it would likewise not make financial sense to operate Store 873 at a loss with the ordinance in effect.

6. I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

SIGNED this 22nd day of February, 2021.

*[signature]*

DECLARATION OF TERESA ROBBS IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 2
(2:21cv-00142-JCC)

sf-4432972

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900